United States District Court
Southern District of Texas
**ENTERED**
October 28, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ISOLDE GUERRERO, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-2118 |
| | § | |
| THE KROGER CO., ET AL., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

## ORDER

Pending before this Court is Defendant The Kroger Co. and Kroger Texas, L.P.'s ("Kroger" or "Defendant") Motion for Summary Judgment (Doc. No. 24). Plaintiff Isolde Guerrero ("Guerrero" or "Plaintiff") did not respond. While this Court would ordinarily interpret the lack of response "as a representation of no opposition" and "an indication that the opposing party agrees to the motion and the relief requested," *see* Local Rule 7(D), the Court nevertheless addresses the merits of the Motion for Summary Judgment. After close consideration of the pleadings, relevant legal standards, and admissible summary judgment evidence, the Court **GRANTS** Kroger's Motion for Summary Judgment (Doc. No. 24) and dismisses the claims against this defendant with prejudice.

### I. Background

This is a personal injury dispute. On or about March 13, 2023, Guerrero alleges that she was a customer and invitee of Defendants. (Doc. No. 1-1 at 6). Plaintiff alleges that when entering the store, she tripped and fell due to a loose hose on the floor. (*Id.*). She alleges that despite being aware of the condition on the premises, Defendants failed to adequately warn customers about the hose and failed to otherwise take precautions to prevent the accident. (*Id.* at 6–8).

Guerrero then brought her Original Petition in the 270th District Court of Harris County, Texas alleging that Defendants The Kroger Co., Kroger Texas, L.P., (collectively, "Kroger") and National Garden Services, LLC ("National Garden") unlawfully failed to warn customers about the hose and take reasonable precautions to prevent the accident. (*Id.*).

As a result, the live pleading in this case is Plaintiff's Original Petition, which asserts the following claims against Kroger and National Garden: (1) premises liability; (2) negligence; (3) liability for negligence of employees under theory of respondeat superior; and (4) gross negligence (*Id.* at 6–8). Kroger filed a motion for summary judgment. (Doc. No. 24). Plaintiff did not respond, and the Motion is now ripe for resolution.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.* (citations omitted).

A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

## III. Analysis

### *a. Availability of Negligence-Based Claims Under State Law*

Plaintiff has alleged various claims of liability against Defendants, including premises liability, negligence (both directly and under a theory of respondeat superior for employees), and gross negligence. In this diversity case alleging claims arising under state law, this Court turns to Supreme Court of Texas precedent. The Supreme Court of Texas has clarified that, unless a Plaintiff is injured "by or as a contemporaneous result of the activity itself rather than by a condition created by the activity," the suit more properly sounds in premises liability, rather than negligence. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citations omitted).

In *Keetch*, the Supreme Court of Texas considered a suit brought by a customer who slipped and fell after an employee sprayed plants with water. *Id.* The Court affirmed the appellate court's refusal to submit the negligence claim to the jury, reasoning that although the customer "may have been injured by a condition created by the spraying [] she was not injured by the activity of spraying." *Id.* Accordingly, the appellate court did not err in concluding that the suit more properly sounded in premises liability, rather than negligence.

Here, Plaintiff's claim is that a hose was left on the ground. Plaintiff's Original Petition does not point this Court to any facts that Plaintiff was injured by the "activity" of Defendants

leaving the hose on the ground. (Doc. No. 1-1 at 6–8). Rather, like in *Keetch*, Plaintiff's claims arise from the *condition* of the hose being left out without a warning or barricades. 845 S.W.2d at 264. This Court concludes that the suit is more properly a premises liability action. Accordingly, this Court **GRANTS** Defendant Kroger's Motion for Summary Judgment as to Negligence (Direct and Vicarious Liability). (Doc. No. 24 at 6–8).

***b. Premises Liability***

This Court next turns to Plaintiff's claim that Defendants are liable under a theory of premises liability. (Doc. No. 1-1 at 6–7). To succeed on a premises liability claim, a Plaintiff must prove (1) actual or constructive knowledge of a condition on the premises; (2) the condition presented an unreasonable risk of harm; (3) the owner/operator of the premises failed to exercise reasonable care to mitigate the risk of harm; and (4) that such a failure to exercise care proximately caused the harm Plaintiff suffered. *Keetch*, 845 S.W.2d at 264. Kroger argues that Plaintiff cannot prove (actual or constructive) notice, and therefore her premises liability claim fails as a matter of law. (Doc. No. 24 at 8–12).

To prove notice, a plaintiff may show: (1) the defendant placed the substance on the floor; (2) defendant knew or should have known that the substance was there; or (3) it is more likely than not that the condition was there for a sufficient amount of time that a reasonable owner would have discovered the condition. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

As for the first method of proving notice, Kroger argues that there is no evidence that the individual who placed the hose there was a Kroger employee. All that is in the record, and therefore before this Court on this motion for summary judgment, are the depositions of Plaintiff and her husband. Plaintiff's husband testified that the man holding the hose nozzle (who, presumably, placed the hose in its location) was not wearing a name tag and was not wearing a uniform or logo

indicating his employer. (I. Guerrero Dep. 90:21–24); (J. Guerrero Dep. 28:17–19, 29:1–4). He further testified that the man appeared to be a "second party" who was working with the flowers. (J. Guerrero Dep. 28:21–25). Similarly, Plaintiff testified only that the man working with the hose was a "Hispanic gentleman," but that she did not remember if he had a name tag, a uniform or any logo on his clothes indicating his place of work. (I. Guerrero Dep. 52:7–8, 52:14–25, 53:3–7). Accordingly, Defendant has pointed this Court to portions of the record that it believes demonstrates the lack of any evidence that the man was a Kroger employee. Plaintiff did not respond and therefore did not demonstrate to this Court that a genuine issue exists that the man was a Kroger employee. Therefore, the first method of proving notice under *Reece* fails as a matter of law. 81 S.W.3d at 814.

As for the other methods of proving notice, Plaintiff may show that Defendant knew or should have known that the hazard was there, or Plaintiff can demonstrate that it is more likely than not that the condition was there for a sufficient amount of time that a reasonable owner would have discovered the condition. Defendant, once again, points to deposition testimony demonstrating that neither Plaintiff nor her husband had any personal knowledge of whether Kroger knew or should have known the hose was there, or how long the hose was there. (I. Guerrero Dep. 89:23–25, 90:9–16); (J. Guerrero Dep. 18:6–12, 18:20–25, 19:1–7). As Plaintiff did not respond and provide this Court with evidence demonstrating the existence of a factual dispute regarding Kroger's knowledge of the hose or how long the hose was on the floor, Defendants have met their burden at the summary judgment stage showing a lack of notice as a matter of law.

Since this Court finds that there is no genuine dispute in the record before this Court as to whether Kroger had notice of the hose (an essential element of the premises liability claim), this Court concludes that Kroger is entitled to summary judgment on this cause of action.

### c. *Gross Negligence*

Finally, the Court turns to Plaintiff's claim of gross negligence. To succeed on a claim for gross negligence under Texas law, a plaintiff must satisfy the elements of either ordinary negligence or premises liability, in addition to showing that Defendant acted with a "subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others." *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 n.2 (5th Cir. 2014). (citations omitted). This Court has already found that the negligence claim sounded in premises liability, and that the premises liability claim has failed as a matter of law. As courts have explained, "a finding of ordinary negligence is [a] prerequisite to a finding of gross negligence." *Shell Oil Co. v. Humphrey*, 880 S.W.2d 170 (Tex. App.—Houston [14th Dist.] 1994, writ denied); *see also Austin* 746 F.3d at 196 n.2. Accordingly, Plaintiff's gross negligence claim fails as a matter of law.

## IV. Conclusion

For the reasons set out above, this Court **GRANTS** Kroger's Motion for Summary Judgment (Doc. No. 24). The Court dismisses the claims against Kroger with prejudice and will enter a separate judgment compliant with Federal Rule of Civil Procedure 58(a).

It is so ordered.

Signed on this the 28th day of October, 2026.

Andrew S. Hanen
United States District Judge